# Wright v. New England Mortgage Security Co.

*Statutory Trial of the Right of Property.*

1. *Interposition of claim to property sued for in action of detinue; construction of statute.*—Where under the provisions of the statute allowing the interposition of a claim to property seized under a writ of detinue, (Code, § 1484), the claimant makes affidavit and bond before the expiration of the five

days given by the statute within which the defendant in the detinue suit may execute a forthcoming bond for the property, the plaintiff has no right to complain that the five days so allowed had not elapsed before the intervention of the claim, and for that reason to have the claim suit dismissed; since such provision was intended for the benefit of the defendant in the detinue suit and not for the plaintiff therein.

2. *Same; effect of appeal in claim suit.*—Where a claim has been interposed to property seized under a writ of detinue, an appeal by the claimant from a judgment rendered by the justice of the peace before whom the detinue suit was brought, dismissing the claim suit, suspends the right of the justice to proceed with the trial of the case between the plaintiff and the defendant; and a judgment rendered in favor of the plaintiff and a delivery of the property to the plaintiff thereunder, pending such appeal to the circuit court, does not prejudice the right of the claimant.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. N. D. DENSON.

W. M. Wright, the appellant, brought an action of detinue against Sam Whetstone to recover two bales of cotton. Upon the interposition of a claim to the cotton sued for by the New England Mortgage Security Company, as provided for by the statute, a trial of the claim suit was had. The facts of the case are sufficiently stated in the opinion.

From a judgment in favor of the claimant, the plaintiff appeals, and assigns the rendition thereof as error.

FELIX L. SMITH, for appellant.

C. BRADSHAW, *contra,* cited Code, § 1484; *Keyser v. Maas,* 111 Ala. 394.

DOWDELL, J.—The plaintiff commenced his suit in detinue under the statute before a justice of the peace for the recovery of two bales of cotton on the 31st day of October, and a writ of seizure was issued which was on the same day, Oct. 31st, executed by the officer by seizing and taking into his possession the property. On the 5th day of November following, the defendant having failed or neglected to give bond for the posses-

[Wright v. New England Mortgage Security Co.]

sion and forthcoming of the property, the claimant filed his affidavit of claim and gave bond. On the 5th day of January following the cause coming on to be heard before the justice, on motion of the plaintiff upon the ground that the claim had been filed before the lapse of five days from the execution of the writ, the justice of the peace dismissed the claim suit. From this judgment dismissing the claim suit the claimant appealed to the circuit court. In the circuit court the plaintiff renewed his motion made in the justice court to dismiss the claim on the same ground as made before the justice and upon the additional grounds that the affidavit and bond in the claim suit were not made before and approved by the officer executing the writ, nor were they returned into court by the levying officer, and also on the ground that judgment had been rendered in the detinue suit and the property delivered to the plaintiff under the judgment. This motion the circuit court overruled, and permitted the claimant to amend his affidavit and give new bond.

The assignments of error here are based upon the action of the circuit court in overruling plaintiff's motion to dismiss the claim suit, and in permitting the claimant to amend his affidavit and give a new bond.

The claim was interposed under section 1484 of the Code. This section provides that the affidavit and bond are to be executed as required by law in cases of trial of right of property when levied on by writ of fi. fa.

By section 4141, it is provided that the affidavit may be made before the officer executing the writ or any officer authorized by law to administer oaths. The bond is required to be taken and approved by the levying officer. These papers, the affidavit and bond, the statute provides must be returned by the officer to the court from which the writ issued. The taking of the bond by the justice instead of the levying officer, was irregular, but no objection was made to this irregularity before the justice; the sole ground of objection before the justice being that the claim was interposed before the lapse of five days from the service and execution of the writ. The affidavit and bond were filed on the 6th day after the execution of the writ, so there could be no

merit in the objection made; besides, the five days given by the statute within which the defendant may execute a forthcoming bond for the property seized, is a provision intended for his benefit and not for the plaintiff, and consequently the plaintiff would have no right to complain that the five days had not elapsed before the intervention of the claim by the claimant.

The appeal of the claimant from the judgment of the justice dismissing the claim suit suspended the right of the justice to proceed with the trial of the case between the plaintiff and the defendant, and the judgment rendered in favor of the plaintiff and the delivery of the property to the plaintiff under said judgment, pending his appeal to the circuit court, could not possibly prejudice the right of the claimant. Therefore, the ground of the motion, that judgment had been rendered in favor of plaintiff and the property delivered to him was wholly without merit. There was no error in permitting the claimant to amend his affidavit and to give a new bond.

We find no error in the record, and the judgment of the circuit court is affirmed.